JONATHAN WHIPPLE, Executor *vs.* ARNOLD ADAMS & others.

A *testator, after bequeathing to his wife a portion of his property,* added a clause to his will, in which he requested that a person, to whom he had bequeathed nothing, might provide for her a chaise, or other suitable conveyance, and attend her whenever and wherever she might wish to go, for a suitable compensation, if she should desire it. *Held,* that this was too vague and indefinite to be construed as a legacy to the wife.

THIS was an appeal, taken by the executor of the last will of Moses Adams, from a decree of the judge of probate for this county.

The testator, after bequeathing to his wife a certain portion of his property, added this clause to his said will : " And it is my request that John A. Whipple may provide for her a chaise, or other suitable conveyance, and attend her whenever and wherever she may wish to go, for a suitable compensation, if she shall desire it. "

Said John A. Whipple was a son of the appellant, and a grand nephew of the testator's wife, but was not an heir of the testator, nor one of his legatees.

The appellant made application to the judge of probate to pass a decree that so much money should remain in his hands, as should produce an income sufficient to meet the expenses to be incurred in carrying into effect the foregoing clause in said will.    This application was rejected.

It was agreed by the parties, that if the said clause in the will was to be regarded in law as a legacy, the case should be remitted to the judge of probate, that he might settle the amount of the allowance to be made in that behalf.

*C. Allen*, for the appellant, cited *Passmore* v. *Passmore*, 1 Phillim. 218.    1 Williams on Executors, 56.

*Newton*, for the appellees, cited 2 Story on Eq. § 1069. *Sale* v. *Moore*, 1 Simons, 534.    *Malim* v. *Keighley*, 2 Ves. Jr. 533.

WILDE, J.    That a request contained in a will may be, in many cases, equivalent to a command, or an express direction, cannot be doubted.    Thus, if the executor were requested to pay a certain sum of money to another, that would be considered as a legacy which the executor would be bound to pay.    So if a legacy be given to A., and the will contain a request that he should pay over a part thereof to B., this would be construed as a legacy to B.    In such cases, the testator having a right to make such a disposition of his property as he thinks proper, the expression of his wishes is deemed to be the expression of his will, and a request is equivalent to a command.

But we think it difficult to apply this rule of construction to the present case.    John A. Whipple was a stranger, to whom no property was given by the will.    The testator, therefore, had no right to command his services ; and no provision was made in the will for the accommodation of the widow in case said Whipple should decline to comply with the testator's request.    This leaves it doubtful whether he intended that she should be accommodated with a chaise or carriage at all events.

Again, it is left doubtful to what extent, and at what expense.

the testator wished his widow to be accommodated. Was a horse as well as a chaise to be kept solely for her use ; or did he expect that Whipple would accommodate her with the use of his own horse and chaise, as occasions might require ? It is also uncertain how Whipple was to be compensated for his services, whether by the widow, out of the property given to her, or from the rest and residue of the testator's estate.

Upon the whole, the clause in question is so vague and indefinite, that it cannot be so construed as to entitle the widow to a legacy. (See Bac. Ab. (Dodd's ed.) Legacies, B. 1.)

*Decree of the judge of probate affirmed.*